IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| SONIA MATTHEWS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 2:06CV00162 SWW |
| | * | |
| QUEST DIAGNOSTIC CLINICAL | * | |
| LABORATORIES, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

**Order**

    This is a claim for negligence filed in state court and removed to federal court on July 5, 2006. In its notice of removal, defendant asserts the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. Plaintiff did not seek remand.[1]

    On May 21, 2007, the Court entered an Order directing plaintiff to amend her complaint to comply with 28 U.S.C. § 1332, establishing the diversity jurisdiction of the federal court. The Court failed to recognize that this case had been removed from state court.

    "'[J]urisdiction issues will be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking, even if the parties concede the issue.'" *Deiser v. Continental Cas. Co.,* 440 F.3d 920, 923 (8th Cir. 2006)(citation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

    As the removing party, defendant carries the burden of establishing federal jurisdiction,

---

[1] In her pretrial disclosure sheet, plaintiff objects to the Court's jurisdiction. *See* docket entry 26.

and the court must resolve all doubts about federal jurisdiction in favor of remand.  *In re Bus. Men's Assurance Co. of America.*, 992 F.2d 181, 183 (8th Cir. 1993).  In her complaint, plaintiff claims lost wages of $14,000 and other categories of potential, unspecified damages.  Although she filed her complaint in state court, plaintiff claims she "should have judgment . . . in an amount to be determined by the court but in an amount which exceeds the minimum amount required for diversity in the United States District Court."  Compl. ¶ 17.[2]  The Court finds this statement does not establish on the face of the complaint that this is a "civil action where the matter in controversy exceeds the sum or value of $75,000 . . ."  28 U.S.C. § 1332.

      The Court therefore vacates the Order filed on May 21, 2007, and remands the case to state court.

      SO ORDERED this 24th day of May 2007.

                                                    <u>/s/Susan Webber Wright</u>

                                                   UNITED STATES DISTRICT JUDGE

---

[2]Defendant bases the monetary part of its claim of removal jurisdiction on the same paragraph of plaintiff's complaint.  *See* Notice of Removal at ¶ 5.